**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MILLENNIUM COMMERCE, LLC** | |
| **Plaintiff,** | **Civil Action No. 2:17-cv-83** |
| **v.** | **JURY TRIAL DEMANDED** |
| **FIRST DATA CORPORATION; AND CLOVER NETWORK, INC.** | |
| **Defendants** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. in which Plaintiff Millennium Commerce, LLC ("Millennium" or "Plaintiff") files this action against First Data Corporation ("First Data") and Clover Network, Inc. ("Clover") (collectively, "Defendants") for infringing U.S. Patent No. 7,954,701 ("the '701 Patent" or "patent-in-suit").

**BACKGROUND**

1.     Plaintiff Millennium is a Texas Limited Liability Company and is the assignee and of the right, title, and interest in and to the '701 Patent, including the right to assert all causes of action arising under the '701 Patent and the right to remedies for infringement thereof.

2.     Companies including First Data and Clover have adopted the inventions disclosed in the '701 Patent.  The '701 Patent has been cited in patents and patent applications filed by companies including Texas Instruments, IBM, Toshiba, Hitachi, NCR Corporation, and MasterCard International.

3.     The '701 Patent relates back to U.S. Patent Application No. 08/421,486 filed

on April 13, 1995, now U.S. Pat. No. 5,546,523.

4.    The technologies recited in the claims of the '701 Patent provide inventive concepts and do not claim an abstract idea. The inventive concepts of the '701 Patent are directed to a technical solution to solve a problem unique to point-of-sale ("POS") terminals, by greatly enhancing and facilitating the operation of POS terminal systems through use of hardware and software.

5.    For example, the POS terminal according to the claimed invention is a hardware device, configured to receive financial information from a card associated with an account, in connection with requesting authorization of a purchase transaction.  The claimed invention further recites an input device – also a hardware device – configured to receive a request for a select cash amount in excess of an amount of the purchase transaction.  It further recites a control system configured to request authorization for payment of the amount of the purchase transaction and the select cash amount on the account.  This improves the functioning of the POS system, for example, by improving the functioning of the user interface for the selection of transactions and transaction parameters. ('701 Patent, col. 1, lines 21-26).  Without the claimed invention, POS terminals would require more user inputs and would be more complex.  (*Id.,* col. 2, lines 35-53.)

6.    The technology claimed in the '701 Patent presented new and unique advantages over the state of the art at the time.  Although the inventions taught in the claims of the '701 Patent have by today been widely adopted by leading businesses, at the time of the invention, the technologies were innovative.

7.    For example, during prosecution of the application that issued as the '701 Patent, the Examiner at the United States Patent and Trademark Office attempted to apply as prior art U.S. Patent Publication No. 2005/0187843 to Lapsley et al. ("Lapsley") to the pending claims.  The Applicant explained that the language including a description of "cash back" such as paragraph [0033] of Lapsley was first introduced in an application filed on

August 29, 1996, *after* the claimed priority date.  Thus, the Applicant explained that this portion of Lapsley is "<u>not</u> prior art with respect to the instant application."   In contrast, Applicant had described receiving cash back in a specification filed no later than April 13, 1995.

8.    The claims of the '701 Patent are not directed to a "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," or "a building block of the modern economy."   Instead, they are limited to the narrow set of systems for POS terminals.

9.    The technology claimed in the '701 Patent does not preempt all ways for setting up and managing a POS terminal.  For example, the claims apply only to a specific type of terminal comprising a combination of financial information reader, an input device, and a control system.  A POS terminal need not include all of these components, or may include different components.  For example, a POS terminal may separate the financial information reader from the input device and control system.  Moreover, the components must be configured in the specific manner claimed in the '701 Patent.  For example, the input device must be configured to receive a request for a select cash amount in excess of an amount of the purchase transaction.  Other ways of configuring the input device are possible, such as configuring it to request authorization for only the purchase transaction, and not more.

10.    It follows that Defendants could choose to set up and manage POS terminals without infringing the '701 Patent.  For example, the prior art cited on the face of the '701 Patent remains available for practice by the Defendant, and the '701 Patent claims do not preempt practice any of those prior art systems or methods.

11.    The '701 Patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '701 Patent. The claims are specifically directed to a POS terminal equipped to receive financial information from a card and a

control system to request authorization.  Components such as a terminal, card, and control system exist only in the context of computer-based financial systems, and cannot be practiced by a human alone.

## PARTIES

12.     Millennium is a Texas Limited Liability Company with a principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

13.     Defendant First Data Corporation is a Delaware corporation with its principal place of business at 5565 Glenridge Connector NE, Suite 2000, Atlanta, GA 30342.  First Data may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Service Company, 40 Technology Parkway Southsuite 300, Ben Hill, Norcross, GA, 30092.

14.     Defendant Clover Network, Inc. is a wholly-owned subsidiary of First Data Corporation.  Clover is a Delaware corporation with its principal place of business at 415 N Mathilda Ave Sunnyvale, CA 94085.  Clover may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service 2710 Gateway Oaks Dr. Ste 150n, Sacramento, CA 95833.

## JURISDICTION AND VENUE

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have established minimum contacts with the forum state of Texas. Defendant First Data has offices at 1010 W. Mockingbird Lane in Dallas, and on information

and belief also at 14141 Southwest Fwy in Sugar Land, TX (Houston) and at 1909 Violet Circle in Richardson, TX.  First Data is also registered to business in Texas, having Tax Identification Numbers 32014136041 and 14707319969. Defendants, directly or through third-party intermediaries, also make, use, import, offer for sale, or sell products or services within the state of Texas, and particularly within the Eastern District of Texas.  Defendants have purposefully availed themselves of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants are subject to personal jurisdiction in this District, have transacted business in this district, and have committed acts of patent infringement in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,954,701

18.     Plaintiff incorporates by reference each of the allegations in the foregoing paragraphs, and further alleges as follows:

19.     On June 7, 2011, the United States Patent and Trademark Office issued the '701 Patent for inventions covering a POS terminal.  In one claimed embodiment, the terminal comprises a financial information reader configured to receive financial information from a card associated with an account, in connection with requesting authorization of a purchase transaction; an input device configured to receive a request for a select cash amount in excess of an amount of the purchase transaction; and a control system configured to request authorization for payment of the amount of the purchase transaction and the select cash amount on the account.  A true and correct copy of the '701 Patent is attached as Exhibit A.

20.     Defendants have been and are now directly infringing one or more claims of

the '701 Patent, in this judicial District and elsewhere in the United States.

21.    For example, Defendants infringe the '701 Patent by using infringing POS terminals.  For example, Defendants sell First Data Clover POS terminals, e.g.:



22.    Defendants' First Data Clover POS terminals receive financial information from a credit or debit card in connection with authorizing a purchase transaction, e.g.:



23.     Defendants' First Data Clover POS terminals have an input device (e.g., touchscreen) configured to receive a request for a cash amount in excess of the amount of a purchase transaction (e.g., cashback), e.g.:



24.     Defendants' First Data Clover POS terminals are configured to request authorization for payment of the amount of the purchase transaction and the select cash amount from the account, e.g.:



25.    Defendants' First Data Clover POS terminals are configured to receive authorization for payment of the amount of the purchase transaction and dispense cash by opening a cash drawer, e.g.:



26.    Defendants' First Data Clover POS terminals have a graphical user interface, e.g.:







27.   Defendants' First Data Clover POS terminals communicate with remote financial service providers, including requesting authorization and receiving a response, using, e.g., a wired or wireless network connection, e.g.:



28.   Defendants' First Data Clover POS terminals have a display that shows the details of the purchase transaction, e.g.:



29.   By using First Data Clover POS products and/or services infringing the claims

of the '701 Patent, Defendants have injured Millennium and are liable to Millennium for direct infringement of the claims of the '701 Patent pursuant to 35 U.S.C. § 271(a).

30.     As a result of Defendants' infringement of the '701 Patent, Millennium has suffered harm and seeks monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from the Court:

1.     That Defendants have directly infringed the '701 Patent;

2.     That Defendants be ordered to pay damages to Millennium, together with costs, expenses, pre-judgment, interest and post-judgment interest as allowed by law;

3.     That the Court enter judgment against Defendants, and in favor of Millennium in all respects; and

4.     For any such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Millennium requests a trial by jury of any issues so triable by right.

Dated: January 27, 2017

Respectfully submitted,

/s/ Ryan E. Hatch___

Ryan E. Hatch (CA SB No. 235577)
LAW OFFICE OF RYAN E. HATCH, PC
13323 Washington Blvd., Suite 100

Los Angeles, CA 90066
Work: 310-279-5076
Mobile: 310-435-6374
Fax: 310-693-5328
ryan@ryanehatch.com

Attorney for Plaintiff,
*Millennium Commerce, LLC*